### TERRY *v.* JOLLY.

[75 South. 756, Division B.]

ATTACHMENT. *Pleading. Variance.*

On the trial of an action of attachment, the plaintiff in order to succeed must sustain his alleged ground of attachment, and it will not help him to prove other grounds of attachment not alleged in his affidavit for attachment.

APPEAL from the circuit court of Lawerence county.
HON. A. E. WEATHERSBY, Judge.

Attachment suit by O. G. Jolly against G. R. Terry. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*C. E. Gibson,* for appellant.

The first question necessarily arises from an investigation of the record on the attachment issue. Was this attachment rightfully sued out?

The appellant in this case was engaged in the saw mill business at a little place called Hooker on the Mississippi Central Railroad and from the very business in which he was engaged it seems that it was absolutly necessary for him to ship his lumber which he manufactured to points outside of the state, in order to do business. Now will a person thus engaged be held under the section under which this proceeding is instituted? This is a case as shown by this record where the sales are made in the regular course of business. ''Ordinary sales in the usual course of business do not necessarily furnish grounds for attachment, although shipments are made to points outside of the state.'' 6 C. J., page 68. See also: *Stewart* v. *Cole,* 46 Ala. 646; *White* v. *Wilson,* 10 Ill. 21; *Herman Goepper* v. *Phoenix Brewing Co.,* 115 Ky. 708, 74 So. 726, 25 Ky. L. 84; *New Iberia Bank* v. *Martin,* 52 La. Ann. 1628, 28 S. W. 130.

''A shipment to a *bona-fide* creditor outside of the state of goods in payment of the debt is not a fraudulent removal warranting attachment.'' 6 C. J., 68.

''The removal which the statutes contemplate as a ground for attachment is a permanent taking away and not mere temporary removal or use of the property by the owner outside of the state.'' 6 C. J., 68 *Lowenstine* v. *Bew.,* 68 Miss. 265, 8 So. 684, 24 Am. St. 269.

''A temporary removal in the course of trade will not furnish a ground for attachment.'' *Lyon* v. *Mason,* 4 Coldw. (Tenn.), 525; *Clinch River Mineral Co.* v. *Harrison,* 91 Cal. 122, 21 So. 660.

*G. Wood Magee,* for appellee.

The attachment was rightfully sued out in this case. The mere fact alone that appellant was shipping lumber out of the state, and selling it would not be sufficient to sustain an attachment, but this fact taken in connection with the other facts and circumstances, to wit: appellants promise to pay on receipt of the returns from his sales of lumber, his refusal to carry out or make any effort to carry out these promises, etc., and his absolute insolvency at the time, was sufficient to sustain the attachment; and it would be foolhardy for any creditor to have waited longer on appellant under the circumstances.

Appellant admitted that he was shipping his lumber out of the state, selling it and receiving pay for it but was not applying any of the proceeds to the payment of appellee's debt.

He did pretend however that he had some oxen and a wagon subject to execution, but the record disproves him on this point. He did not know from whom he had bought the oxen which he said were subject to execution and could not describe them to the court while testifying. All who heard him knew that he was not telling the truth, but was merely dodging the question of his insolvency.

COOK, P. J., delivered the opinion of the court.

This suit was begun in the court of a justice of the peace, appealed to the circuit, and there a judgment was rendered against the defendant, and he has appealed to this court.

The action was begun by attachment upon the ground that defendant "has assigned or disposed of, or is about to assign or dispose of, his property or rights in action, with the intent to defraud his creditors."

The evidence tended to show that defendant was running a sawmill and that he shipped his lumber out of the

state; that he owed plaintiff and had not paid him. At this point plaintiff rested.

Defendant testified that he had shipped his lumber out of the state; that he had sold the same and used the proceeds in the payment of his debts. There was some dispute as to the amount of defendant's indebtedness to plaintiff.

As we view the record, there is no evidence tending to prove the alleged ground of attachment. The trial seems to have proceeded upon the theory that, if the plaintiff proved that defendant had shipped his property out of the state, he was entitled to a verdict sustaining the attachment issue. This is not true. The plaintiff must sustain his alleged ground of attachment, and it did not help him to prove other grounds for attachment not alleged in the affidavit for attachment. The plaintiff wholly failed to prove the ground of attachment upon which he secured his writ of attachment, and defendant was entitled to a verdict on the attachment issue.

There was a conflict about the indebtedness of defendant to plaintiff.

The judgment will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*